IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-20123-JWL |
| | ) | Case No. 14-80039-JWL |
| WILLIE LEE PITTMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## <u>**MEMORANDUM AND ORDER**</u>

This matter comes before the Court on defendant's motion for a sentence reduction (Doc. # 56) and his motion for clarification (Doc. # 59). For the reasons set forth below, the Court **denies** the motion for a sentence reduction. The Court **grants** the motion for clarification as set forth herein.

In 2004, defendant was convicted in the United States District Court for the Western District of Missouri of the crime of possession with intent to distribute five grams or more of a controlled substance containing cocaine base (crack), and he was sentenced to a term of imprisonment of 120 months and an eight-year term of supervised release. Defendant had been found in possession of 32.58 grams of cocaine. He completed that term of imprisonment, and he was on supervised release in February 2014 when he pleaded guilty in this Court to another drug offense, for which he was given a sentence of 240 months in prison with eight years of supervised release. In April 2014, supervision over defendant's

release for his Missouri conviction was transferred to this Court, and in May 2014, the Court revoked his supervised release. The Court sentenced defendant on the revocation to a term of imprisonment of 30 months to be served consecutively to the Kansas sentence, with a five-year term of supervised release to be served concurrently with his supervised release for the Kansas conviction.

On November 12, 2020, defendant filed a *pro so* motion for a reduction of his sentence for the Missouri conviction. His single-page motion does not contain any argument – he simply states that he believes he qualifies "for a sentence reduction due to changes made by the First Step Act Section 404." The Government has filed a response brief in opposition to the motion, but defendant has not filed a reply brief.

As a preliminary matter, the Court addresses defendant's "Motion to Clarify", filed on November 30, 2020. In that motion, defendant notes that the Court, in its order setting response and reply brief deadlines for defendant's motion for a sentence reduction, mistakenly stated that defendant's revocation sentence was ordered to run concurrently with his Kansas sentence. Defendant states his concern that the Court's "oversight" could cause the Court to believe erroneously that a reduction of his sentence in the Missouri case would not affect his aggregate term of imprisonment. The Court agrees that the prison terms were ordered to run consecutively, and it thus grants defendant's motion to clarify the record.

The Court then turns to defendant's motion for a sentence reduction pursuant to Section 404(a) of the First Step Act of 2018. 18 U.S.C. § 3582(c)(1)(B) provides that a district court "may modify an imposed term of imprisonment to the extent otherwise

2

permitted by statute." *See id.* Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *See* Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). "Covered offense" for purposes of that provision "means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." *See id.* § 404(a). Section 2 of the Fair Sentencing Act of 2010 amended 18 U.S.C. § 841 by raising the threshold for a five-year mandatory minimum sentence from five grams of cocaine base to 28 grams. *See* Pub. L. 111-220, § 2, 124 Stat. 2372, 2372 (2010).[1]

Defendant was convicted in Missouri of the offense under Section 841 for which the mandatory minimum threshold was increased to 28 grams. Thus, as the Government concedes, defendant's Missouri conviction is a "covered offense" within the scope of Section 404 of the First Step Act. *See United States v. Holly*, 2020 WL 1974263, at *2 (D. Kan. Apr. 24, 2020) (Lungstrum, J.) (defendant's offense was a "covered offense" and he was thus eligible for relief under the First Step Act even though offense conduct involved a quantity above the increased threshold), *aff'd*, 812 F. App'x 790 (10th Cir. 2020); *United States v. Bagby*, 2020 WL 6887817, at *2 (10th Cir. Nov. 24, 2020) (unpub. op.) (noting Government's agreement, based rejection of contrary argument by every court of appeals to have considered the issue, that eligibility for First Step Act relief depends on the statue

---

[1] Section 3, which eliminated the statutory mandatory minimum sentence for simple possession, *see* Pub. L. 111-220, § 3, 124 Stat. 2372, 2372, is not relevant here.

of conviction, not the facts concerning the amount of cocaine actually involved in the offense conduct).

In addition, the Government does not dispute that defendant is eligible for relief under the First Step Act even though he is not serving his originally-imposed term of imprisonment, but has instead been sentenced upon revocation of his supervised release. *See Holly*, 2020 WL 1974263, at *2 (under Supreme Court precedent, postrevocation penalties relate to the original offense; following federal courts of appeal in concluding that a defendant serving a sentence for a violation of supervised release is eligible for First Step Act relief).  Thus, the Court concludes that defendant is eligible for a reduction of his revocation sentence under the First Step Act.

Section 404 of the First Step Act provides:  "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  *See* Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222.  Thus, relief under the First Step Act is completely discretionary.  *See United States v. Brown*, 974 F.3d 1137, 1143-44 (10th Cir. 2020).  Moreover, the First Step Act authorizes only an adjustment according to its terms – as if the Fair Sentencing Act had been in effect – and does not permit a plenary resentencing.  *See id.* at 1144.  The Court is not required to conduct a hearing on the motion. *See United States v. Mannie*, 971 F.3d 1145, 1156 (10th Cir. 2020).

Exercising its discretion, the Court declines to reduce defendant's revocation sentence.  In his motions, defendant states his belief that he is eligible for a sentence reduction, but he has not suggested any reason why a reduction is warranted is his case. Defendant's 30-month revocation sentence was imposed in 2014 and thus was based on

the law as it stood after the Fair Sentencing Act of 2010. Defendant is not entitled to a reconsideration of that sentence in a plenary manner. Moreover, as the Government notes, defendant's Missouri offense involved a quantity of crack cocaine above even the Fair Sentencing Act's increased threshold of 28 grams, and thus there is no basis to conclude that defendant's original 120-month sentence (in accordance with the five-year mandatory minimum) would not be appropriate even if imposed today.

Nor is there any basis for a reduction of defendant's five-year period of supervised release for the revocation violation. That period runs concurrently with the eight-year term of supervised release imposed for his Kansas conviction; thus, a reduction with respect to the revocation sentence would not affect his total period of supervised release, and therefore no live controversy has been presented for the purpose of satisfying the constitutional requirement of standing. *See Mannie*, 971 F.3d at 1152-54. Nor would the Court exercise its discretion to reduce this term in light of defendant's violation of the terms of his original supervised release.

For these reasons, the Court concludes in its discretion that defendant's revocation sentence should not be reduced, and it therefore denies defendant's motion.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for a sentence reduction (Doc. # 56) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT defendant's motion for clarification (Doc. # 59) is **granted**, as set forth herein.

5

IT IS SO ORDERED.


Dated this 11th day of February, 2020, in Kansas City, Kansas.


                                        *s/ John W. Lungstrum*
                                        John W. Lungstrum
                                        United States District Judge